Filed 8/25/15  P. v. Vincent CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B260027 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA100638) |
| v. | |
| DONALD JAMES VINCENT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mike Camacho, Jr., Judge.  Affirmed.

The Rodriguez Law Group, Ambrosio E. Rodriguez, and Greg Balderrama for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Michael R. Johnsen and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Donald James Vincent was convicted of multiple felony counts of sexual abuse and molestation of two minors. He appeals, contending that a juror committed misconduct. Appellant argues that the trial court erred in denying his postverdict petition to unseal the juror's records under Code of Civil Procedure section 237, and in denying his motion for a new trial under Penal Code section 1181.[1] He also raises related claims of ineffective assistance of counsel. For the reasons stated below, we conclude that appellant failed to demonstrate prejudice from any juror misconduct or from trial counsel's performance. Accordingly, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

A.    *Jury Trial and Verdicts*

In a consolidated information, appellant was charged with committing numerous sex acts on two minors over a period of several years. Appellant pleaded not guilty on all counts, and a jury trial commenced January 22, 2014. Toward the end of the prosecution's case-in-chief, the prosecution called the mother of one of the victims as a witness. As the mother recounted what her daughter had told her about the sexual abuse, Juror No. 5 abruptly stood up, said "Excuse me, Your Honor," and left the courtroom. The court excused the remaining jurors for lunch.

After the lunch break, outside the presence of the other jurors, the court questioned Juror No. 5 about his actions. Asked whether his unexpected departure from the courtroom was based on the impact of the witness testimony, Juror No. 5

---

[1]    All further statutory citations are to the Penal Code, unless otherwise stated.

[2]    Because appellant raises only juror-related claims on appeal, we provide only the facts relevant to those claims.

stated, "No. That wasn't the reason." Rather, he felt a "shortness of breath for [a] minute so I had to walk out and get some air." Though acknowledging that his reaction could "possibly" have been some type of anxiety attack, the juror denied suffering from any medical condition causing such attacks. He stated that he "absolutely" could follow the court's instructions, including keeping an open mind, following the law, and giving everyone a fair opportunity to be heard before making his ultimate decision. When asked about the reactions of the other jurors, Juror No. 5 informed the court that one juror had given him a bottle of water, but "that's it." The juror stated that there had been no discussion of the evidence, and assured the court he knew it would be improper to discuss evidence with other jurors before deliberations.

Both the prosecutor and defense counsel declined to question the juror further. After the juror was excused, the court asked, "Defense, anything? Any issue there that you can perceive?" Defense counsel replied, "No Your Honor." The court then ruled that Juror No. 5 would remain on the jury because nothing indicated that his ability to continue as a juror was compromised. Defense counsel raised no issue concerning Juror No. 5 for the remainder of trial.

The jury began deliberating on January 27. The following day, it returned verdicts finding appellant guilty of committing continuous sexual abuse of a child under 14 years old (§ 288.5, subd. (a); count 1); committing a lewd act upon a child between 14 and 15 years old (§ 288, subd. (c)(1); counts 2 & 3); committing a forcible lewd act upon a child under 14 years old (§ 288, subd. (b)(1); counts 4 & 5); committing oral copulation/sexual penetration with a child under 10 years old (§ 288.7, subd. (b); counts 6 & 10); and committing sex/sodomy with a child under 10 years old (§ 288.7, subd. (a); counts 7 & 8). It also found true the special

3

allegation in counts 1, 4, and 5 that the offense was committed against more than one victim.

B. *Petition to Unseal Juror's Records*

On February 21, 2014, trial counsel asked to be relieved due to appellant's desire to file a motion for a new trial on the ground, among others, that there had been ineffective assistance of counsel. The court granted the request. Current counsel then substituted in as appellant's counsel of record.

Eight months later, on October 8, 2014, newly-retained counsel filed a petition to unseal Juror No. 5's identification and contact information. Counsel argued that good cause existed to disclose the information because it was needed to investigate the juror's apparent misconduct during trial. Counsel noted the juror's "curious" conduct during the victim's mother's testimony, and alleged that the juror repeatedly initiated and engaged in improper contact with several members of appellant's family prior to deliberations. According to counsel, the juror told several members that he was praying for them. The juror also would stare at family members during court proceedings, and occasionally would "linger[]" behind after court recesses and "follow[]" family members to the elevator.

The trial court denied the petition, holding that appellant failed to submit declarations establishing good cause, as required by Code of Civil Procedure section 237. On the merits, the court concluded the allegations did not constitute good cause to release the juror's information. With respect to the juror's abrupt departure during witness testimony, the court noted that it had previously found the juror's action attributable to a physical manifestation, not misconduct. As to the allegations of juror contact with appellant's family, the court held that the juror's statements about praying for the family members did not establish improper bias or

4

prejudice. As to allegations of staring at family members or lingering in their presence, the court found any inference of misconduct to be speculative.

     C.    *Motion for a New Trial*

On October 28, 2014, appellant's counsel filed a motion for a new trial. Appellant argued that a new trial was warranted because (1) Juror No. 5 committed misconduct; (2) the trial court abused its discretion in denying appellant's petition to unseal Juror No. 5's records; and (3) trial counsel provided ineffective assistance of counsel by failing to inquire about Juror No. 5's abrupt departure from the courtroom, failing to inform the court about Juror No. 5's improper contacts with the family, and failing to seek an admonishment or the juror's removal for cause.

The motion for a new trial attached declarations from several of appellant's family members, attesting to the juror's contacts with them. They stated that Juror No. 5 followed the family to the courtyard outside the courthouse, and informed them that he would be "praying for [us]." They also stated that the juror would stare at them during court proceedings, and that he would linger behind after the court's afternoon recesses to follow them to the court's elevator and other exits. Appellant's father stated that Juror No. 5 approached him while they were in the restroom and said he was "praying for [me]" and that he "hoped everything would be okay." Appellant's sister stated that she informed trial counsel about these improper juror contacts, but he told her that there was nothing he could do.

Following a hearing on November 6, 2014, the court denied the motion. The court reiterated that the juror's abrupt departure during the testimony was not misconduct. As to the improper communications with the juror's family members, the court found it was misconduct, but not prejudicial. According to the court, the juror's comments expressed concern and sympathy for appellant's family, not necessarily appellant. The court found it "a stretch of the imagination" to infer

5

from the juror's comments expressing sympathy for appellant's family that the juror was prejudiced against appellant. As to the claim of ineffective assistance of counsel, the court stated that trial counsel should have raised the matter of the juror's improper communications with the court during trial, so it could have addressed it at that time. However, the court found counsel's performance was not ineffective, as it did not affect the ultimate outcome of the case.

Appellant timely appealed.

## DISCUSSION

Appellant contends he was denied a fair trial because Juror No. 5 was biased against him and committed misconduct during trial. He contends (1) that the juror's abrupt departure during witness testimony evidenced actual bias, and (2) that the juror's improper communications with appellant's family members demonstrated implied bias. Based on these same contentions, appellant argues (1) that the trial court abused its discretion in denying his petition to unseal the juror's records so defense counsel could investigate the juror, and (2) that the trial court erred in denying his motion for a new trial based on juror bias and misconduct. He further argues that trial counsel rendered ineffective assistance of counsel with respect to Juror No. 5. We separately address (1) the contentions related to the juror's abrupt departure during witness testimony, and (2) the contentions related to the juror's improper communications.

A. *The Juror's Departure During Witness Testimony was not Misconduct.*

As detailed above, Juror No. 5 abruptly left the courtroom during witness testimony. Appellant contends the juror's abrupt departure from the courtroom constituted misconduct and evidenced "actual bias." We disagree.

6

A defendant has a constitutional right to a trial by an impartial jury. (*People v. Cissna* (2010) 182 Cal.App.4th 1105, 1115.) "[E]ven one biased juror requires overturning the verdict." (*In re Carpenter* (1995) 9 Cal.4th 634, 652.) Thus, section 1181 permits a trial court to grant a new trial "[w]hen the jury has . . . been guilty of any misconduct by which a fair and due consideration of the case has been prevented . . . ." In addition, a defendant who makes a "sufficient showing to support a reasonable belief that jury misconduct occurred" is entitled to discovery of juror names and contact information. (*People v. Jones* (1998) 17 Cal.4th 279, 317.)

Here, Juror No. 5's abrupt departure did not constitute misconduct or demonstrate actual bias. Nothing precludes a juror from seeking relief for a health condition. Nor do we discern from the totality of the circumstances any actual bias against appellant. Although "[a] juror's admission that by reason of the nature of the case it would be difficult for him to keep an open mind constitutes a basis for his disqualification upon a challenge for actual bias" (see *People v. Compton* (1971) 6 Cal.3d 55, 59), no such admission is present here. The trial court asked the juror whether his conduct resulted from hearing the testimony; he stated unequivocally that it did not. Rather, he had suffered from "shortness of breath" and needed fresh air. The court credited the juror's representations and on appeal, we defer to the trial court's factual findings and credibility determinations. (*People v. Cissna*, *supra*, 182 Cal.App.4th at p. 1117.) Thus, appellant has not demonstrated that the juror's departure constituted misconduct evidencing actual bias. Because it was not misconduct, the juror's behavior could not support appellant's petition to unseal the juror's records or his motion for a new trial. Accordingly, the trial court did not err in denying both requests premised on that ground.

7

For similar reasons, we reject appellant's claim that his trial counsel was ineffective. As discussed above, Juror No. 5's departure during witness testimony did not constitute misconduct. To the extent appellant argues the juror should have been dismissed for cause, the trial court properly conducted an inquiry and acted well within its discretion in accepting the juror's representation that he could continue to be an impartial juror in the case. On this record, we ascertain no basis for trial counsel to have argued for dismissal of the juror. Similarly, a motion for a mistrial would have been futile, as there was no showing of juror misconduct.

B.     *Although the Juror's Communications with Appellant's Family Members was Misconduct, it was not Prejudicial.*

Appellant contends Juror No. 5's improper communications with his family members constituted prejudicial misconduct, as the communications showed "implied bias" or "the existence of a state of mind in the juror evincing enmity against, or bias towards, either party." While the communications were improper and constituted juror misconduct, we conclude that appellant failed to show the misconduct was prejudicial.

According to appellant, Juror No. 5 told appellant's father that he was "praying for [him]" and that he "hoped everything would be okay." The juror also informed other members of appellant's family that he would be praying for them and their family. Although the juror's statements expressed compassion or sympathy for appellant's family, they did not show bias for or against appellant. (See, e.g., *English v. Lin* (1994) 26 Cal.App.4th 1358, 1369 [juror's comments about his relative's salary not prejudicial because they did not reveal or cause bias against either party].) Accordingly, appellant has failed to demonstrate the juror's misconduct was prejudicial.

8

Appellant sought to unseal Juror No. 5's information based on the improper communications. We note, as did the trial court, that appellant failed to produce a declaration containing admissible evidence to support the allegations of improper communications.[3] (See Code Civ. Proc., § 237, subd. (b) ["Any person may petition the court for access to [juror] records. The petition shall be supported by a declaration that includes facts sufficient to establish good cause for the release of the juror's personal identifying information"].) More important, given appellant's failure to demonstrate the improper communications constituted prejudicial misconduct, we discern no error in the trial court's decision. (See *People v. Jefflo* (1998) 63 Cal.App.4th 1314, 1322-1323 [no showing of good cause under Code of Civil Procedure section 237 for disclosure of juror information where defendant failed to show how juror's conduct harmed him or was "'of such a character as [was] likely to have influenced the verdict improperly'"].)

Appellant also sought a new trial based on the improper communications. To prevail on a motion for a new trial based on juror misconduct, however, the defendant must show the existence of misconduct and resulting prejudice. (*People v. Engstrom* (2011) 201 Cal.App.4th 174, 183.) Because appellant failed to demonstrate the juror misconduct was prejudicial, the trial court did not err in denying the motion for a new trial.

Finally, appellant contends trial counsel was ineffective in failing to inform the court of the improper communications. We agree with the trial court that counsel should have notified the court of any such communications. Nevertheless, we further agree with the trial court that appellant failed to show prejudice. (See *Strickland v. Washington* (1984) 466 U.S. 668, 687-688 [to prevail on claim of

---

[3] The declarations from appellant's family members were not submitted until appellant filed his new trial motion.

ineffective assistance of counsel, appellant must show both inadequate performance and prejudice].) As noted, the juror's comments demonstrated neither bias against nor enmity toward appellant. Accordingly, the trial court properly denied appellant's motion for a new trial based on ineffective assistance of counsel, and he cannot prevail on the same claim on appeal.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**


MANELLA, J.


We concur:


EPSTEIN, P. J.


WILLHITE, J.


10